RODNEY D. AND JUDITH E. MORRIS, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Morris v. Commissioner
Docket Nos. 2240-84, 15031-84, 15296-84, 34605-84, 40583-84, 4548-85.
United States Tax Court
T.C. Memo 1987-7; 1987 Tax Ct. Memo LEXIS 7; 52 T.C.M. (CCH) 1304; T.C.M. (RIA) 87007; January 6, 1987. Jonathan *8 A. Brod and Debra L. Bowen, for the petitioners. Joyce L. Sugawara, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined deficiencies in petitioners' Federal income taxes as follows: Petitioner
Docket No.
Year
Deficiency
Rodney D. and
2240-84
1981
$1,249
Judith E. Morris
Gordon B. and
15031-84
1980
4,559
Martha J. Barrett
40583-84
1981
6,082
Bennie Ward, Jr. and
15296-84
1981
1,448
Sharon C. Ward
Florence E. Harms
34605-84
1979
3,365
34605-84
1980
195
4548-85
1981
4,100
The sole issue for decision is whether portions of amounts received as salary by petitioners are excludable from gross income under sections 104(a)(1), 104(a)(2), or 105(c). [2]
FINDINGS OF FACT All of petitioners resided in Claremont, California when they filed their petitions. During the years in issue Rodney D. Morris *9 ("Morris"), Gordon B. Barrett ("Barrett"), Bennie Ward, Jr. ("Ward"), and Florence E. Harms ("Harms") were employed as officers by the Sheriff of Los Angeles County and each of them received or had previously received injuries in the course of their duties on the dates and in the manner set out below. Morris
Morris injured his back in January 1969, while on duty as a patrol officer. The injuries did not result in the permanent loss or loss of use of a member or function of his body. He was unable to work for a few days after the injury, but within a few weeks he returned to his regular duties. He has had no recurrence of the injury. In June 1969, Morris filed a claim with the California Worker's Compensation Appeals Board ("WCAB") for worker's compensation benefits as a result of the injury. The WCAB in March 1970 awarded him benefits of $1,470 based on a permanent disability rating of 7 percent. [3]
He was promoted from deputy to sergeant in 1974, and was assigned to the *10 San Dimas Station in 1977 as station coordinator. On their income tax return for 1981, the Morrises reported the receipt by Morris of $47,449.94 in salary from the County of Los Angeles but excluded 7 percent of this amount ($3,322) from their gross income because of Morris' permanent disability rating. Barrett
Barrett has sustained three injuries to his back while on duty. None of them resulted in the permanent loss or loss of use of a member of function of his body. The first occurred in October 1977 during a scuffle with a suspect. The second resulted from a fall from a stairway in March 1978 when its railing collapsed.The third injury, in March 1980, was also the result of a fall during inclement weather. At the time of each injury, Barrett was a sergeant, assigned to duty as a traffic and filed supervisor. After the 1980 injury, he was unable to work for a few days and on intermittent occasions thereafter. When he returned to full-time duty following the injury, he was placed on "light duty," which meant that he was not to engage in any arduous activity or take any action that would tend to increase the chance of re-injuring his back. During this period he *11 frequently left work early because of pain, and occasionally went to therapy while on duty. His pay was not reduced for such periods. Barrett filed benefit claims with the WCAB for all three injuries. In January 1981, he was awarded worker's compensation benefits by WCAB of $21,280 for a permanent disability rating of 59 percent with respect to the 1980 injury. The claims for the 1977 and 1978 injuries were dismissed. On their income tax returns for 1980 and 1981, the Barretts reported $32,695.69 and $36,129, respectively, in salary from the County of Los Angeles. [4] On an amended return for 1980 and the original return for 1981 they excluded 59 percent of the salary ($19,290 and $21,316) from gross income because of Barrett's permanent disability rating. Ward
Ward injured his Achilles tendon in October 1977 while serving as coordinator for the technical schools unit of the Sheriff's Department. He did not suffer a permanent loss or loss of use of a member or function of his body as a result *12 of the injury. After the injury he remained in the same position until becoming a detective. In November 1981 WCAB awarded him worker's compensation benefits of $5,722.50 because of a permanent disability rating of 22.1 percent. On their income tax return for 1981, the Wards reported the receipt of $29,739 in salary from the County of Los Angeles but excluded 22.1 percent of this amount from gross income because of Ward's permanent disability rating. Harms
Harms injured her neck and both arms while on duty in June 1976, but did not suffer a permanent loss or loss of use of a member or function of her body as a result of the injuries. For several years thereafter, Harms was a watch sergeant at the Women's Jail but in 1981 she was removed from that position because of work restrictions caused by the 1976 injuries and was assigned to a "limited duty pool" where she performed duties usually assigned to deputies rather than sergeants. The residual effects of her 1976 injuries are such that she is unable to make full use of her hands and consequently is not permitted to carry a gun or to wear a uniform. In June 1976 WCAB awarded her worker's compensation benefits of $14,752.50 *13 because of a permanent disability rate of 45 percent. On her income tax returns for 1979, 1980, and 1981, Harms reported the receipt of $29,359, $31,627, and $34,790, respectively, in salary from the County of Los Angeles but on an amended tax return for 1979 and on the original return for 1981 she excluded 45 percent of the salaries received for these years ($13,210 and $15,656) from gross income because of the permanent disability rating.She did not exclude any of the salary on her 1980 return, but claimed an overpayment of taxes for that year in her petition. OPINION Petitioners contend that because of their disability ratings they are entitled to exclude a portion of their salaries from gross income under sections 104(a)(1), 104(a)(2), or 105. Section 104(a)(1)
Section 104(a)(1) excludes from gross income "amounts received under workmen's compensation acts as compensation for personal injuries." Section 1.104-1(b), Income Tax Regs., provides that the exclusion set forth in section 104(a)(1) includes amounts received "under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred *14 in the course of employment." In these cases petitioners claim that a percentage of the salary they received after their injuries was paid pursuant to the workers' compensation statutes of California and the Los Angeles County Code (the "County Code"). In essence, they argue that, because they continued to receive the same salary after they became disabled and unable to perform some of their duties they were "overpaid" and the "overpayment" is excludable as worker's compensation. We, however, are unable to agree. To begin with, on this record petitioners are unable to demonstrate that any portion of their salaries was compensation for personal injuries. Admittedly each petitioner continued in the same position after his or her injuries and received the same salary. Furthermore Harms switched jobs in 1981 and was paid more in her new job than others performing the same duties. From the evidence before us, however, we are unable to find that the excess represented compensation for her injuries. In fact, Donald Sivard, a lieutenant with the Sheriff's Department who was responsible for the placement of injured employees, testified that all of the compensation paid to petitioners *15 was considered regular salary and that petitioners would have received no payments unless services were rendered. In sum, it is clear from the record as s whole that the payments were for services and were totally dependent thereon. Furthermore, petitioners are unable to show that any portion of their salaries was made pursuant to a statute in the nature of a worker's compensation act. They have cited no statute providing benefits paid to officers in the form of salary when they continue to work after an injury. They cite section 4850 of the California Labor Code, but it only states that disabled officers on leave of absence are entitled to a full salary for up to one year. Petitioners, however, did not receive payments under this statute, and it is not relevant to the case before us. We conclude, therefore, that section 104(a)(1) is inapplicable to their situation. Section 104(a)(2)
Section 104(a)(1) excludes from gross income "the amount of any damages received (whether by suit or agreement * * *) on account of personal injuries or sickness." This section, like section 104(a)(1), is also inapplicable because all of the payments received by petitioners were for *16 services, not for injuries. In addition, there has been no showing that any portion of the payments constituted damages. As we stated in Glynn v. Commissioner,76 T.C. 116 (1981), affd. without published opinion 672 F. 2d 682 (1st Cir. 1982): "The essential element of an exclusion under section 104(a)(2) is that the income involved must derive from some sort of tort claim against the payer." 76 T.C. at 119. Petitioners have asserted no tort claim against the County and could not have done so since their exclusive remedy is a claim for worker's compensation benefits. California Labor Code § 3601 (West 1971). Section 105(c)
Section 105(c) excludes from gross income amounts received by an employee through accident or health insurance "to the extent such amounts - (1) constitute payment for the permanent loss or loss of use of a member or function of the body, or the permanent disfigurement, of the taxpayer, his spouse, or a dependent (as defined in section 152), and (2) are computed with reference to the nature of the injury without regard to the period the employee is absent from work." Here again, petitioners *17 have failed to place themselves within the statute because their payments were for services, not for anything else, including the loss of use of a member or function of the body. See Hines v. Commissioner,72 T.C. 715, 719 (1979). We conclude, therefore, that section 105(c) is not applicable. Decisions will be entered for the respondent.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Gordon B. and Martha J. Barrett, docket Nos. 40583-84 and 15031-84; Florence E. Harms, docket Nos. 34605-84 and 4548-85; and Bennie and Sharon C. Ward, docket No. 15296-84.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩
3. A permanent disability rating of a certain percentage means that a worker is permanently excluded, because of his disability, from competing for that percentage of the jobs on the open market.↩
4. The salary amounts reflected by petitioners on their returns did not include their worker's compensation awards, and only the treatment of the salary amounts is at issue.↩